**Anahit MELKONYAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Nos. 05–74935, 06–71418.**

United States Court of Appeals, Ninth Circuit.

---

** The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 1, 2009.*

Filed June 5, 2009.

Ruben N. Sarkisian, Glendale, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Office of the District Counsel, San Francisco, CA, Anthony C. Payne, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER, GRABER, and BEA, Circuit Judges.

## MEMORANDUM **

Petitioner Anahit Melkonyan, a native and citizen of Armenia, was denied asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other forms of Cruel, Inhuman or Degrading Treatment or Punishment. She seeks review of the denials of asylum and withholding only, and she also appeals the Board of Immigration Appeals' (BIA) denial of a motion to reopen the case because of ineffective assistance of counsel.

1. As a result of her reports to local police and the health department about corruption at the orphanage where she worked as an auditor, Petitioner was threatened by a doctor and a warehouse worker (and one day hit by the latter) who were employed at the same facility. We review for substantial evidence the BIA's finding that there was no nexus between the harm suffered and a statutorily protected ground and may reverse only if the evidence compels the opposite result. *Mamouzian v. Ashcroft,* 390 F.3d 1129, 1133 (9th Cir.2004). The BIA found that the orphanage was not "inextricably intertwined with governmental operation,"

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

which we understand to mean that corruption at the orphanage was private, rather than government, corruption. The record does not compel a contrary finding because, according to the testimony, the orphanage was funded by private sources and international humanitarian organizations like the Red Cross, as well as in part by the government. There was no evidence that the doctor or the warehouse worker acted on behalf of the government. While official retaliation against those who oppose governmental corruption may constitute persecution on account of political opinion, *Grava v. INS,* 205 F.3d 1177, 1181 (9th Cir.2000), the same logic does not apply to private corruption.

2. Substantial evidence supports the BIA's alternative finding that Petitioner could have relocated safely to another part of Armenia to avoid possible future harm. The past harm was localized to one orphanage, and Petitioner complained to local police.

3. Petitioner's claim of religious persecution also fails. Co-workers ridiculed Petitioner for being a more devout Christian than other members of the Apostolic Christian Church, which is the official religion in Armenia. But nothing in the record compels a conclusion, contrary to the BIA's finding, that Petitioner suffered past persecution or had a well-founded fear of future persecution on account of her religion. *See Fisher v. INS,* 79 F.3d 955, 961 (9th Cir.1996) (en banc) (distinguishing religious discrimination from the "extreme" concept of persecution).

4. The BIA correctly identified deficiencies in Petitioner's filing. Additionally, Petitioner failed to show that her prior counsel's alleged deficiencies prejudiced her case. *See Ortiz v. INS,* 179 F.3d 1148,

1153 (9th Cir.1999) (holding that, in addition to meeting the *In re Lozada,* 19 I. & N. Dec. 637 (B.I.A.1988), requirements, a petitioner must show that counsel's performance "was so inadequate that it may have affected the outcome of the proceedings").

Petition DENIED.